IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 13-00385-01-CR-W-DGK |
| BRIAN K. WILSON, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
TO ACCEPT DEFENDANT'S GUILTY PLEA**

This case was referred to me by Chief United States District Court Judge Greg Kays to conduct a change-of-plea hearing. I find that Defendant's plea is voluntary and therefore recommend that it be accepted.

### I. BACKGROUND

On November 12, 2013, an indictment was returned charging Defendant Wilson with, inter alia, one count of conspiracy to distribute (1) a mixture or substance containing cocaine in the amount of 5 kilograms or more, and/or (2) a mixture or substance containing cocaine base in an amount of 280 grams or more, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. A change-of-plea hearing was held on October 12, 2016. Defendant was present, represented by appointed counsel John Gromowsky. The government was represented by Assistant United States Attorney Joseph Marquez. The proceeding was recorded and a transcript of the hearing was filed (Doc. No. 438).

### II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides

that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at

633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 8-9);

   b. That he has the right to assistance of counsel throughout the trial (Tr. at 9);

   c. That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 9);

   d. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 10);

   e. That Defendant has the right to testify but does not have to, and that

the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 10);

  f. That Defendant has the right to subpoena witnesses to testify on her behalf (Tr. at 10-11); and

  g. That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 12-13).

  3. Government counsel stated that if this case were to be tried, the evidence would be that around April of 2010, ATF agents began investigating a drug-trafficking organization out of Sedalia, Missouri (Doc. No. 14). As part of that investigation, the ATF obtained five separate court-ordered wiretaps on potential suspects; Defendant was one of those suspects (Tr. at 14). Based on that wiretap, agents learned Defendant was involved in supplying cocaine (Tr. at 14). Typically, Defendant would receive a phone call from an individual ordering cocaine for distribution to their customers (Tr. at 14). The evidence shows Defendant was involved in trafficking more than 500 grams of cocaine within the Western District of Missouri (Tr. at 14-15).

  4. Defendant was placed under oath (Tr. at 16). Defendant stated that he was within the Western District of Missouri between October 5, 2011 and June 20, 2013 (Tr. at 16-17). During that time frame, Defendant knew co-defendants Thomas-Flowers, Kinner, Wade, Staten, Clark, Peters, Buckner, Jackson, Kendrick, Williams, Johnson and Plakorus (Tr. at 17). Defendant had an agreement with some or all of these individuals to sell them cocaine (Tr. at 17-18). Between October 5, 2011 and June 20, 2013, Defendant knowingly and intentionally distributed 500 grams or more of cocaine (Tr. at 18).

  5. Defendant understood the terms of the plea agreement (Tr. at 19-28). In return for pleading guilty to the lesser included offense of Count One of the Indictment, the government

agreed to dismiss the remaining counts at sentencing (Tr. at 23-24). If the Court rejects the binding plea agreement, Defendant retains the right to withdraw his plea (Tr. at 3-5, 22).

6. No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 28-29).

7. Defendant stated he had not been satisfied with Mr. Gromowsky's performance (Tr. at 29). Defendant was specifically dissatisfied about (a) having been in custody for three years and only recently being offered a plea, (b) Mr. Gromowsky not filing motions he requested be filed, and (c) the Government not offering him a better deal (Tr. at 30-33). Defendant stated that despite being dissatisfied, he still wanted to go forward with the plea (Tr. at 30, 31, 34, 35, 37-38).

Mr. Gromowsky stated that he did decline to file motions Defendant asked him to file because he believed them to be frivolous (Tr. at 31). Mr. Gromowsky stated he explained to Defendant that Defendant could raise his failure to file the motions either on direct appeal or through a § 2255 motion (Tr. at 31). Furthermore, Mr. Marquez advised that this plea agreement was the best the Government would offer Defendant (Tr. at 33-34).

8. Defendant is 42 years old (Tr. at 36). He has a GED and can read, write and understand the English language (Tr. at 36). Defendant has no physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty (Tr. at 36-37). He was not under the influence of any kind of drug or alcohol (Tr. at 37).

9. Defendant tendered a plea of guilty to the lesser included count of conspiracy to distribute 500 grams of cocaine (Tr. at 37-38).

## IV.   DISSATISFACTION WITH COUNSEL

The Eighth Circuit has held that "the standard for a valid guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  United States v. Dalman, 994 F.2d 537, 538 (8th Cir. 1993)(quoting Gregory v. Solem, 774 F.2d 309, 314 (8th Cir. 1985)).  See also Fed. R. Cr. P. 11(b)(2)("Before accepting a plea of guilty . . . the court must address the defendant personally in open court and determine that the plea is voluntary and did no result from force, threats, or promises (other than promises in a plea agreement.)").  A defendant's "representations during the plea-taking carry a strong presumption of verity."  Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997)(quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)).

In this case, I created an extensive record with Defendant about the rights he was giving up by pleading guilty and his decision to do so.  During this colloquy, Defendant identified three reasons he was not satisfied with Mr. Gromowsky's performance.  The first two – the timing of the plea and the 180 month sentence contemplated by the binding plea agreement – are outside of Mr. Gromowsky's control.  Mr. Gromowsky informed the Court during the change-of-plea hearing that he tried to negotiate various agreements on Defendant's behalf, but the instant agreement was the most favorable the Government would offer (Tr. at 32-33, 33-34).  Mr. Marquez confirmed this fact and stated the Government was prepared to take the case to trial (Tr. at 33-34).  It is difficult to imagine a defendant who would not wish for a better deal but that is not always possible given operation of the sentencing guidelines and the defendant's criminal history.  Defendant demonstrated he understood the terms to which he was agreeing.  When given multiple opportunities to abandon his decision to plead guilty, Defendant chose to move forward.  Defendant's dissatisfaction on these grounds does not render his guilty plea invalid.

6

Likewise, I do not find that Mr. Gromowsky's refusal to file motions requested by Defendant resulted in an involuntary plea. Mr. Gromowsky stated that he believed the motions Defendant asked him to file were frivolous so could not do so as an officer of the court. He further stated that he explained to Defendant that Defendant could raise that issue through an ineffective assistance of counsel claim or § 2255 motion. Defendant understood he retained that right and voiced his intent to proceed (Tr. at 28). Because Defendant was aware of the consequences of entering a guilty plea and knowingly and voluntarily agreed to do so, I recommend that his plea to the lesser included offense under Count One of the Superseding Indictment be accepted.

## V.   ELEMENTS OF THE LESSER INCLUDED OFFENSE

To sustain a conviction for conspiracy to distribute cocaine, the government must prove that: (1) there was an agreement to distribute cocaine; (2) the defendant knew of the agreement; and (3) the defendant intentionally joined the conspiracy. United States v. Savatdy, 452 F.3d 974, 977 (8th Cir. 2006).

## VI.   CONCLUSION

Based on the above, I make the following conclusions:

1.   The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2.   Defendant has consented to having his plea taken by a magistrate judge.

3.   Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the lesser included offense under Count One of the Superseding Indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and

the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of such offense.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
November 10, 2016